## In re GRAND JURY SUBPOENA ISSUED TO OSTEN MEAT COMPANY, INC.

### No. 90–2031.

United States District Court,
E.D. Michigan, S.D.

Jan. 24, 1991.

Thomas W. Cranmer, Bruce L. Segar, Miro, Miro & Weiner, Bloomfield Hills, Mich., for plaintiff.

Stephen J. Markman, U.S. Atty. by Stephen T. Robinson, Asst. U.S. Atty., Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER DENYING OSTEN MEAT COMPANY, INC.'S NOVEMBER 2, 1990 MOTION TO QUASH GRAND JURY SUBPOENA

GADOLA, District Judge.

On November 25, 1990 Osten Meat Company, Inc. ("Osten") moved this court to quash a grand jury subpoena issued September 25, 1990 on the basis of res judicata. Having reviewed the pleadings, heard oral argument and being otherwise familiar in the premises, this court finds that the doctrine of res judicata does not apply to the instant matter. Therefore, Osten's motion to quash the grand jury subpoena will be denied, and Osten will be ordered to comply with the subpoena.

### ANALYSIS

Prior to these proceedings, an Internal Revenue Service summons was issued in an attempt to obtain from petitioner herein, Osten Meat Company, Inc., certain corporate records and documents. Petitioner refused to provide the records and documents, and the Government then commenced an action in this court in an attempt to enforce the Internal Revenue Service administrative summons (*U.S.A. v. Osten Meat Company, Inc.*, #89–0645). Petitioner defended that action on the basis that the matter of petitioner's tax liability had been referred to the Department of Justice for possible criminal prosecution, relying on 26 U.S.C. § 7602(c)(1).

In petitioner's brief in that prior action (#89–0645) in support of its response in opposition to petition to enforce Internal Revenue Service administrative summons ("Petitioner's Response") petitioner argued that "[t]here can be no doubt in the present case that a Justice referral was made." Petitioner's Response at 5. Therefore, the petitioner argued, the summons was unenforceable.[1] The government, on the other

1. 26 U.S.C. § 7602(c)(1) provides, in relevant part, that "[n]o summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice

hand, argued that "[c]ounsel's attempt to settle the taxpayers' criminal and civil liabilities through discussions with individuals from the United States Attorney's office and the Internal Revenue Service ("I.R.S.") does not constitute a Justice Department referral. This is especially so when the discussions between the United States and the taxpayer occur at the taxpayer's urging." Government's August 8, 1989 memorandum of law at 8. Apparently, because the Judge presiding over the summons enforcement matter had indicated that she was inclined to find for the petitioner on the Justice Department referral issue, the government agreed to dismiss the enforcement action with prejudice.

In the instant matter, Osten seeks to quash the grand jury subpoena on the ground that dismissal of the prior summons enforcement action is res judicata to the grand jury subpoena. The cases cited to this court by Osten establish that "[t]o constitute a bar [under the doctrine of res judicata] there must be an *identity* of the causes of action." *Fisher v. Midwesco Enterprise, Inc.*, 477 F.Supp. 169, 172 (S.D. Ohio 1979), *aff'd without opinion*, 657 F.2d 267 (6th Cir.1981) (emphasis supplied). If I.R.S. administrative summonses were clearly limited to civil investigation it would be easy enough to conclude that an I.R.S. summons and a grand jury subpoena do not constitute identical causes of action for purposes of res judicata. However, under a literal reading of 26 U.S.C. § 7602(c)(1), the I.R.S. may utilize administrative summonses to pursue what is solely a criminal investigation until there is a Justice Department referral. If the I.R.S. could utilize an administrative summons for the same purpose that a grand jury subpoena is utilized, *viz.*, criminal investigation, and if in this particular case the I.R.S. did utilize the administrative summons for such a purpose, there would be an identity for purposes of res judicata.

The purpose of the 1982 amendment to 26 U.S.C. § 7602, invalidating enforcement of an administrative summons once a Justice Department referral has been made,

Department referral is in effect with respect to

was to create a bright line test to determine when the focus of an Internal Revenue Service investigation had become criminal to an extent sufficient to justify terminating I.R.S. power to summarily obtain evidence by way of administrative summons. As pointed out in the legislative history,

> The committee expects that the Justice Department will continue to have primary responsibility for criminal prosecution under the tax law and that the Internal Revenue Service will not use its summons authority to pursue a civil or criminal investigation after the case subject to investigation is referred to the Department of Justice for any of the purposes described above, or a request for the return of, or return information with respect to, any taxpayer under investigation is made by the Attorney General, Deputy Attorney General, or Assistant Attorney General, as described above.

1982 U.S.Code Cong. & Admin.News, pp. 781, 1032; S.Rep. No. 97–494 at 286–87. However, as noted above, under a literal reading of 26 U.S.C. § 7602(c)(1) the I.R.S. could utilize the administrative summons solely for purposes of conducting a criminal investigation so long as there was no Justice Department referral in effect.

Prior to the 1982 amendment to 26 U.S.C. § 7602, the I.R.S.'s use of administrative summonses was circumscribed by a decision of the United States Supreme Court: *United States v. LaSalle National Bank*, 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978). The Court in *LaSalle* read former 26 U.S.C. § 7602 to include a requirement that "the summons must be issued before the Service recommends to the Department of Justice that a criminal prosecution, which reasonably would relate to the subject matter of the summons, be undertaken." *Id.* at 318, 98 S.Ct. at 2368. Second, the Court in *LaSalle* read into the good faith standard announced in *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–255, 13 L.Ed.2d 112 (1964), a requirement "that the Service not abandon in an institutional sense ... the pursuit of

such person."

civil tax determination or collection." *Id.* 437 U.S. at 318, 98 S.Ct. at 2368. In other words, "[t]he Supreme Court [in *LaSalle*] held that enforcement can and should be denied when the Service is attempting to exploit its civil investigatory powers as a *de facto* grand jury." *United States v. Michaud,* 907 F.2d 750 (7th Cir.1990).

The court in *Michaud* held that the *LaSalle* "prohibition against the Service's use of an administrative summons solely for criminal investigatory purposes" survived the 1982 amendments to 26 U.S.C. § 7602. *Id.* at 752. Therefore, even though subsection (c) of 26 U.S.C. § 7602 continues to serve as a bright line rule to determine when the issuance or enforcement of an I.R.S. administrative summons is "ineffective," the *LaSalle* "good faith" prohibition survives as an independent check on I.R.S. power to utilize an administrative summons "solely for criminal investigatory purposes." This reading of *LaSalle* and § 7602, by the court in *Michaud* effectively precludes the I.R.S. from using an administrative summons as "a *de facto* grand jury." Because the I.R.S. is precluded from utilizing an administrative summons for the same purposes as a grand jury subpoena, this court concludes that there is not an identity between the two actions, and, therefore, res judicata does not obtain.

### ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED that petitioner's motion to quash the grand jury subpoena is DENIED.

IT IS FURTHER ORDERED that petitioner immediately COMPLY with the grand jury subpoena.